PRATT, J.
It is admitted "that plaintiff is a judgment and execution creditor of defendant Mugno. The conveyance which is assailed was made shortly before the judgment was entered. Tlie plaintiff called as witness the judgment debtor, the grantee and an alleged creditor of the judgment debtor, to whom it is claimed that the judgment debtor paid $1,350 of the purchase price of tiie house. The judge at special term evidently considered tlieir testimony as proving, not an honest sale of the house, but an attempt to defraud the plaintiff. In this, we think, he was right. We do not find reason to believe that the $1,350 debt existed, nor that anything was paid for the conveyance. It is quite noticeable that the attorney who prepared the conveyance is not called by tiie defense. He would be veiy apt to know the facts. Called by the plaintiff, bis evidence might be objected to; but, if the transaction was honest, why did not defendants'call him ? Judgment affirmed, with costs.